Reese, J.
delivered the opinion of the court.'
Was the witness, Heald, improperly rejected on the ground of incompetency? We are clearly of opinión that he was. Why was he not competent? Was it because of the relation in which he stood to the parties in the proceeding' before the court? What was that relation? Tiie plaintiffs had obtained a judgment before a justice against him and two others, which was in full force and unsatisfied upon a joint liability, and the question before the court was, whether Barnes had subsequently became liable by entering himself security for the stay of execution.
What interest had fieald arising from this relation to exon-rate Barnes? None whatever. Indeed, if the proceeding had taken place immediately after the rendition of the judgment, his interest would have been the other way; for the consequence of exonerating Barnes, would have been the issuance of an execution against him and the other defendants in the warrant and judgment, without waiting for the expiration of the time for which the stay of execution had been granted. If1 it be said, that his testimony was calculated to destroy his contingent liability to Barnes for any amount, the latter might be compelled to pay as security; we answer, his direct and immediate liability to the plaintiffs in the judgment continued, and he had no interest whatever in exonerating Barnes. It is *433 very clear that he was competent. Was the testimony offered material? He was introduced to prove that Barnes was not present.when entered as security for the stay of execution* ándjthat the order upon which the justice acted* was not signed or authorised by Barnes. Barnes in his petition, states that he gave to one of the' defendants an order to the justice to' enter him as security in a judgment for the sum of seventy or eighty dollars. But the witness, one of the' defendants, was offered to prove that the order upon which the justice in fact acted, was not executed by Barnes. The materiality of this testimony is made manifest by the principles settled in the base of Hickman vs. Williams, Mar. and Yerg. 118.
Judgment reversed.